IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH VAUGHAN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-13-1517 |
| WEXFORD HEALTH SOURCES, INC., et al. | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 18. Although he was advised of his right to file a response in opposition to Defendants' motion and of the consequences of failing to do so, Plaintiff has not filed anything further in this case. *See* ECF No. 19. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted and judgment shall be entered in their favor.

**Background**

Plaintiff Joseph Vaughan ("Vaughan"), an inmate confined at all times relevant to the Complaint to Western Correctional Institution (WCI), alleges he suffers from chronic back pain which is not properly addressed by medical staff. ECF No. 1 at p. 3. He claims it has been determined by medical staff that he suffers from "serious back pain and that [he] needs surgery, but still nothing has been done." *Id*. He further alleges that the pain is so severe at times that he cannot walk or sleep at night. *Id*.

Vaughan states that while held at Chesapeake Detention Facility (CDF), a federal pre-trial detention facility, he was sent to Bon Secours Hospital for an MRI of his back. ECF No. 4.

He alleges that Dr. Lawrence informed him that the results of the MRI showed he had a "slipped disk and arthritis" in his lower back which could be treated with either a shot or physical therapy. He further claims that during his stay at CDF he was provided Tylenol #3, three times per day as well as Toradal (60 mg), Robaxin (750mg), and Neurontin (600 mg) to treat the pain in his back, but he still suffered pain. *Id*. at p. 2. Vaughan states he is "only 31 years old" and walks with a cane. *Id*. He claims that when he was sent back to WCI he was told that staff had determined that nothing was wrong with him and that Dr. Joubert had taken him off the medications he had been provided at CDF. Vaughan claims Joubert told him he would be provided physical therapy for his back, but he has not received it. He alleges that, as a result of being removed from all medications, he cannot stand for "a long time or work out." *Id*.

According to medical records submitted with his amended Complaint, Vaughan at first told medical providers that his back pain was the result of falling from his dirt bike while running from the police and later claimed his back pain was the result of gunshot wounds. ECF No. 4 at Attachment 1, pp. 2 and 14. Vaughan includes the MRI report which he claims establishes he has a slipped disc and arthritis in his lower back. The report states there is "early degenerative changes L5-S1 more so than L4-5 without central canal stenosis or nerve root compression." *Id*. at pp. 16 – 17. Vaughan was sent for the MRI due to "right leg radiculopathy" or pain radiating to his right leg. *Id*. at p. 16. A physician's order requesting an extra mattress for Vaughan that was written on December 12, 2012, indicates that Vaughan has arthritis of the spine. *Id*. at p. 22.

Vaughan moves to amend his complaint to include as Defendants Dr. John Morgan, the chronic care doctor at Roxbury Correctional Institution (RCI), where Vaughan is currently confined. ECF No. 14. Vaughan alleges that Morgan has refused to provide pain medications as

well as a cane despite Vaughan's pain which he describes as unbearable. *Id*. In addition, he seeks to remove Dr. Yahya as a Defendant because Vaughan is no longer under Yahya's care. *Id*. The Motion to Amend shall be granted and, for reasons made clear below, the claims against Morgan shall be dismissed.

Vaughan also filed a Motion for Summary Judgment which seeks, in essence, injunctive relief. ECF No. 16. Vaughan requests an order from this court requiring Defendants to assist with his mobility by providing a cane and physical therapy. *Id*.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that

4

risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) quoting *Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Defendants provide additional medical records establishing that Vaughan suffers from asthma, bipolar disorder, depressive disorder, and a history of polysubstance abuse in addition to intermittent chronic lower back pain. ECF No. 18 at Ex. 2 (affidavit of Colin Ottey, M.D.). Vaughan has been evaluated for suicidal ideation during his incarceration and has admitted multiple suicide attempts, including overdoses as well as attempts at hanging and shooting himself. *Id*. at Ex. 1, p. 46.[1] Additionally, Vaughan admitted to abusing alcohol, PCP, marijuana, ecstasy, Percocet, Xanax, Oxycontin, and LSD. *Id*. at p. 121. To address Vaughan's complaints of lower back pain he was prescribed, at different times, Tylenol-Codeine No. 3, Motrin, Tegretol, Naproxen, Neurontin, and Robaxin. The medications provided are analgesics, antispasmodics, non-steroidal anti-inflammatory agents, and nerve pain agents. ECF No. 18 at Ex. 2, p. 3. For part of his treatment for bipolar disorder Vaughan is prescribed nortriptyline, an antidepressant often prescribed to address chronic pain. Vaughan has also been provided a cane as well as a back brace. *Id*. at Ex. 1, p. 177 and Ex. 2, p. 3.

---

[1] Page numbers for Exhibit 1 correspond to ECF pagination.

Vaughan has claimed that his lower back pain resulted from a dirt bike accident and also claimed it was caused by multiple gunshot wounds. During the same time frame Vaughan was reporting lower back pain so severe that he could hardly stand and required a cane to walk, he reported to the prison infirmary with injuries he admitted occurred while playing basketball. ECF No. 18 at Ex. 1, pp. 28, 41, and 173. On several occasions Vaughan was seen in the medical department with no apparent need for the use of a cane in walking and on July 29, 2013, Dr. Morgan determined there was no medical need for the cane or special assignment to a bottom bunk. *Id*. at p. 123. Morgan noted that Vaughan walks with a limp but is steady on his feet without the cane. *Id*. at p. 124. Prior to Morgan's determination, Delores Adams, R.N., noted that during his visit to the medical department, when he was insisting on seeing a doctor to have prescriptions renewed for Neurontin and Ultram, Vaughan was able to climb up and down onto and off of the exam table without difficulty and without the aid of his cane. Additionally, she observed that Vaughan's use of the cane consisted of mainly swinging it and he did not appear to need it for support. *Id*. at p. 117.

Vaughan's reports of severe pain are unaccompanied by any apparent physical abnormalities or neurological deficits observed either during physical examinations or x-rays and MRI. The MRI which Vaughan relies upon to establish he has a serious back injury which requires surgery showed only mild, early degenerative changes of the lumbar spine which were "essentially normal." Physical examinations revealed Vaughan had good balance as well as a steady gait with a limp. Vaughan has not been observed to have muscle atrophy, loss of strength, or a change in reflexes which would indicate impairment to the lower spinal cord. ECF No. 18 at Ex. 1, pp. 6 – 7; Ex. 2, pp. 18, 53, 95, 99, and 123. Based on the examinations performed and Vaughan's history of substance abuse, medical providers have consistently refused to reinstate a

prescription for Tylenol 3 provided to Vaughan for 15 days in August 2012. *Id*. at Ex. 2, p. 171. Instead, Vaughan has been provided a back brace and range of motion exercises to perform in order to improve the function of his back. He was also advised to take over-the-counter analgesic pain relievers, muscle rub and hot or cold compresses. *Id*. at Ex. 1, p. 7; Ex. 2, pp. 18 and 99.

There is no evidence that Vaughan suffers from a serious back injury that requires surgery or other treatment that he is not currently receiving. The decision to decline Vaughan's request for opioid pain relievers appears to be based on a medical assessment of his condition as well as concerns regarding his history of substance abuse. In addition, the denial of particular types of pain relief has not meant the denial of medical care for Vaughan's back pain.[2] Vaughan's request for an order requiring Defendants to provide him with a cane and physical therapy is unsupported by any evidence that he needs a cane for support or that physical therapy was prescribed and subsequently ignored. Vaughan's request shall therefore be denied. The treatment evidenced by the undisputed record does not amount to a callous disregard for a serious medical need and is, thus, constitutionally adequate.

A separate Order follows.

 October 29, 2013                        _____/s/_____
Date                                                   DEBORAH K. CHASANOW
                                                           United States District Judge

---

[2] Although there is no evidence that Vaughan's back pain is caused by a serious condition requiring surgical intervention, Defendants have not suggested that Vaughan has no back pain. Thus, Vaughan's continued treatment for his complaints of lower back pain should remain unaffected by the outcome of this case.